IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-399-DCK

| | |
|---|---|
| JOSEPH P. PRITCHARD and<br>IRIS K. PRITCHARD,<br><br>    Plaintiffs,<br><br>  v.<br><br>AUTOMOBILE INSURANCE COMPANY<br>OF HARTFORD CONNECTICUT,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  **ORDER**<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion For Sanctions For Failure To Appear For Depositions" (Document No. 24); Plaintiff's "Motion For Protective Order As To Depositions" (Document No. 28); and the "Motion For Protective Order As To Plaintiff's Exhibits" (Document No. 30). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. Having carefully considered the motions, the record, and applicable authority, the undersigned will grant the motions in part, and deny the motions in part, as described below.

## I.   BACKGROUND

This lawsuit's origin involves a "severe storm of wind and rain" that occurred on April 16, 2011. (Document No. 1-1, p.2). As a result of the storm, Plaintiff Iris K. Pritchard and Plaintiff Joseph P. Pritchard (together "Plaintiffs" or "Pritchards") suffered significant damage to their property in Charlotte, North Carolina, including an exterior stairwell system, front porch, roof, portions of the exterior of the building, personal property on or around the porch and grounds, and bushes and shrubs. (Document No. 1-1, p.2). Plaintiff Iris Pritchard promptly gave notice of the

damages to Defendant The Automobile Insurance Company Of Hartford, Connecticut ("Defendant" or "AIC"). (Document No. 1-1, p.4). Defendant is a wholly owned subsidiary of The Travelers Companies, Inc., which issued Iris Pritchard a homeowners insurance policy (the "Policy") effective June 1, 2004, allegedly insuring the property damaged in the storm. (Document No. 1-1, p.3). The Policy was in full force and effect at the time of the damage on April 16, 2011. (Document No. 1-1, p.4).

Based on the foregoing, Plaintiffs filed a "Verified Complaint" (Document No. 1-3, 3:14cv177-RJC-DCK) in the Superior Court of Mecklenburg County, North Carolina, on or about March 13, 2014, against The Travelers Companies, Inc. ("Travelers") and AIC. The Complaint appears to assert claims for breach of contract/failure to pay insurance proceeds, and unfair and deceptive trade practices. (Document No. 1-3, 3:14cv177-RJC-DCK). The original action was removed to this Court on or about April 11, 2014, based on complete diversity of the parties and an amount in controversy exceeding $75,000.00. (Document No. 1, 3:14cv177-RJC-DCK).

Following multiple joint motions for extensions of time related to Plaintiffs' age and poor health, Plaintiffs ultimately filed a "Stipulation of Dismissal Without Prejudice" in the original action on May 1, 2015. See (Document Nos. 30-36; 3:14cv177-RJC-DCK).

On or about July 29, 2015, Plaintiffs filed another "Verified Complaint" in the Superior Court of Mecklenburg County, North Carolina, which is very similar to the original Complaint. (Document No. 1-1). However, the new Complaint only names AIC as Defendant. Id. Defendant again removed the action to this Court based on diversity. (Document No. 1). The instant action involves the same attorneys, and essentially the same parties and claims, as the prior action before this Court.

On October 14, 2015, the parties' "Certification And Report Of F.R.C.P. 26(f) Conference And Discovery Plan" (Document No. 11) was filed. The "Certification …" states that the "lawsuit is fairly straight-forward and primarily involves the amount payable under Mrs. Pritchard's policy relating to a cast iron stairwell that was damaged by a falling tree as well as the reason for delays in AIC's payment of the undisputed portion of the Pritchards' claim." (Document No. 11, p.1). Notably, the parties proposed thirty (30) hours of oral deposition per party (excluding expert depositions), but did not describe *any* anticipated difficulties completing discovery. (Document No. 11). The parties stipulated to Magistrate Judge jurisdiction. (Document No. 11, 13).

On October 26, 2015, a "Pretrial Order And Case Management Plan" (Document No. 15) was issued by the Court. The "…Case Management Order" includes the following deadlines: discovery completion – April, 8, 2016; ADR report – April 22, 2016; motions deadline – May 6, 2016; and trial – October 24, 2016. (Document No. 15). Similar to the parties' original action before this Court, there have been multiple requests for extension of time allowed due to Plaintiffs' alleged difficulties due to age and/or health. See (Document Nos. 17, 18, 19, 20, 21, and 22).

Notably, Plaintiff J.P. Pritchard sent an *ex parte* communication to the Honorable Robert J. Conrad, Jr., on or about March 31, 2016, requesting that Plaintiffs be excused from participating in mediation or depositions. (Document No. 37, 3:14cv377-RJC-DCK). Mr. Pritchard's letter referenced the original case, but was construed by the undersigned as seeking relief in the instant action. (Document No. 38). The undersigned issued an Order on April 14, 2016, advising Mr. Pritchard that "[b]arring extraordinary circumstances, it is unlikely Plaintiffs will be excused from the Court's mediation requirement and/or from cooperating fully in the discovery process." (Document No. 38, p.2, 3:14v177-RJC-DCK). The Court's Order also advised Mr. Pritchard that if he sought relief in the current action "he should file an appropriate motion with the assistance

of his counsel in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court." Id. The Court noted that important deadlines in this case were "imminent." Id.

Most recently, deadlines were extended as follows: discovery completion – June 27, 2016; mediation report – June 27, 2016; and dispositive motions – June 27, 2016. (Document No. 22). Despite the extensions, neither dispositive motions nor a mediation report were timely filed, and the parties have failed to complete anticipated depositions. On July 11, 2016, a mediation report was finally docketed indicating that the parties had participated in a mediation on June 30, 2016, but failed to resolve their dispute. (Document No. 23).

On July 19, 2016, Defendant filed its "Motion For Sanctions For Failure To Appear For Depositions" (Document No. 24). By its motion Defendant contends that Plaintiffs will never voluntarily sit for depositions, and therefore, this action should be dismissed and Plaintiffs should be ordered to pay the expenses for a missed deposition and the pending motion. (Document No. 24). Plaintiffs' "Brief In Opposition To Motion For Sanctions" (Document No. 27) was filed on August 3, 2016; and Defendant's "Reply In Support Of Motion For Sanctions" (Document No. 33) was filed on August 9, 2016.

Also pending are Plaintiffs' "Motion For Protective Order As To Depositions" (Document No. 28) and "Motion For Protective Order As To Plaintiffs' Exhibits" (Document No. 30) filed on August 3, 2016. Defendant filed timely responses to the motions for protective orders on August 22, 2016. (Document Nos. 34 and 35). Plaintiffs have failed to file reply briefs, or notices of intent not to reply, as required by Local Rule 7.1 (E).

## II.     STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

A party's failure to provide or permit discovery may result in sanctions including the following: reasonable expenses caused by the failure; default judgment against the disobedient party; or treating as contempt of court the failure to obey any order. See Fed.R.Civ.P. 37(b) - (d).

### III.  DISCUSSION

As an initial matter, the undersigned observes that the Court has been quite lenient in allowing repeated extensions of time in attempts to accommodate Plaintiffs' schedule and personal concerns. Moreover, the record suggests that Defendant has been patient and made good faith efforts to work with Plaintiffs throughout both lawsuits. Now, several years after initiating these lawsuits and several months after the discovery and motions deadlines have passed, Plaintiffs contend they should not be expected to provide deposition testimony. (Document No. 28).

Although Defendant asserts that Plaintiffs believe the United States Constitution protects them from the deposition process, the undersigned finds that the crux of their argument to the Court is that giving testimony will be inconvenient and annoying. (Document Nos. 27 and 28).

5

Plaintiffs primarily assert that they are both in poor health and that providing testimony will be difficult. Nowhere, however, have Plaintiffs suggested that they are unable or unwilling to attend a jury trial of this matter which they expect to last three (3) days. In fact, Plaintiffs' motion for protective order acknowledges the unusual situation before the Court of Plaintiffs who contend they should be protected from deposition testimony even though they are expected to testify as witnesses at trial. (Document No. 28, p.3).

After careful review of the pending motions and the history of this litigation, the undersigned will deny Plaintiffs' "Motion For Protective Order As To Depositions" (Document No. 28). The undersigned agrees the motion is untimely, and not well-supported. As such, the Court will require Plaintiffs to participate in at least one (1) deposition; however, the undersigned directs Defendant to allow for reasonable accommodations as it has suggested in responding to the motion for protection. See (Document No. 35, p.5). Such accommodations may include taking the depositions at a certain time of day, at the Pritchards' home or attorney's office, and over multiple days. Id. The undersigned further encourages Defendant to only seek to depose Mr. Pritchard, unless it can identify significant prejudice it will suffer if unable to depose Mrs. Pritchard. If Mrs. Pritchard is not deposed, she should not expect to testify at trial.

The motion for sanctions presents a close call. Certainly the Court understands Defendant's rationale for filing the motion; however, the Court finds dismissal too harsh a penalty at this point. As to costs and fees incurred due to deposition(s) scheduled for April 29, 2016, the undersigned is not persuaded that sufficient notice was provided to Plaintiffs. It appears likely that the timing of noticing of the deposition(s), and then eventually filing the motion for sanctions, are related to well-intentioned efforts by Defendant to be efficient and avoid unnecessary expense to both sides. Under all the circumstances of this case, the undersigned will deny the pending motion

for sanctions. If appropriate, Defendant may file a renewed motion at a later date and the Court may reconsider both costs and fees, as well as dismissal, if Plaintiffs fail to participate fully in the remainder of this litigation. The undersigned respectfully advises Plaintiffs that their refusal to be deposed, and their failure to abide by certain deadlines in the case and the rules of this Court, all suggest a lack of good faith in pursuing this lawsuit. Further failures to abide by the Rules will likely lead to sanctions.

The pending "Motion For Protective Order As To Plaintiff's Exhibits" (Document No. 30) involves the proposed sealing of letters from Plaintiffs' doctor and affidavits related to Plaintiffs' medical conditions, and is unopposed. See (Document No. 34). As such, the Court will grant the request to seal these exhibits.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion For Sanctions For Failure To Appear For Depositions" (Document No. 24) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion For Protective Order As To Depositions" (Document No. 28) is **DENIED**. Counsel for the parties shall confer and make reasonable arrangements for deposition testimony as directed herein, which shall be completed by **September 30, 2016**.

**IT IS FURTHER ORDERED** that the "Motion For Protective Order As To Plaintiff's Exhibits" (Document No. 30) is **GRANTED**. The Clerk of Court is directed to **SEAL** Document Nos. 28-1 and 28-2.

**IT IS FURTHER ORDERED** that the parties shall be prepared to attend a Final Pretrial Conference in this matter on **October 13, 2016**. See (Document No. 15, pp.6-10).

**SO ORDERED**.

Signed: September 7, 2016

David C. Keesler
United States Magistrate Judge