# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:15-CV-399-DCK

| | |
|---|---|
| IRIS K. PRITCHARD, and ) <br> JOSEPH P. PRITCHARD, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> ) <br> THE AUTOMOBILE INSURANCE ) <br> COMPANY OF HARTFORD ) <br> CONNECTICUT, ) <br> ) <br> Defendant. ) <br> ) | **MEMORANDUM AND** <br> **RECOMMENDATION** <br> **AND ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Renewed Motion For Sanctions For Failure To Appear For Depositions…" (Document No. 41); and what the Court construes as *pro se* Plaintiff J.P. Pritchard's "Motion To Withdraw Consent To Magistrate Judge Jurisdiction" (Document No. 52). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(b), and these motions are ripe for disposition. See (Document Nos. 11 and 13). Having carefully considered the motions and the record, the undersigned will grant the motion for sanctions, and recommend that the motion to withdraw consent be denied by a District Court Judge.

## BACKGROUND

This lawsuit's origin involves a "severe storm of wind and rain" that occurred on April 16, 2011. (Document No. 1-1, p.2). As a result of the storm, Plaintiff Iris K. Pritchard ("Mrs. Pritchard") and Plaintiff Joseph P. Pritchard ("Mr. Pritchard" or "J.P. Pritchard") (together

"Plaintiffs" or "Pritchards") suffered significant damage to their property in Charlotte, North Carolina, including an exterior stairwell system, front porch, roof, portions of the exterior of the building, personal property on or around the porch and grounds, and bushes and shrubs. (Document No. 1-1, p.2). Plaintiff Iris Pritchard promptly gave notice of the damages to Defendant The Automobile Insurance Company Of Hartford, Connecticut ("Defendant" or "AIC"). (Document No. 1-1, p.4). Defendant is a wholly owned subsidiary of The Travelers Companies, Inc., which issued Iris Pritchard a homeowners' insurance policy (the "Policy") effective June 1, 2004, allegedly insuring the property damaged in the storm. (Document No. 1-1, p.3). The Policy was in full force and effect at the time of the damage on April 16, 2011. (Document No. 1-1, p.4).

Based on the foregoing, Plaintiffs filed a "Verified Complaint" (Document No. 1-3, 3:14-CV-177-RJC-DCK) in the Superior Court of Mecklenburg County, North Carolina, on or about March 13, 2014, against The Travelers Companies, Inc. ("Travelers") and AIC. The Complaint appears to assert claims for breach of contract/failure to pay insurance proceeds, and unfair and deceptive trade practices. (Document No. 1-3, 3:14-CV-177-RJC-DCK). The original action was removed to this Court on or about April 11, 2014, based on complete diversity of the parties and an amount in controversy exceeding $75,000.00. (Document No. 1, 3:14-CV-177-RJC-DCK).

Following multiple joint motions for extensions of time related to Plaintiffs' age and poor health, Plaintiffs ultimately filed a "Stipulation of Dismissal Without Prejudice" in the original action on May 1, 2015. See (Document Nos. 30-36, 3:14-CV-177-RJC-DCK).

On or about July 29, 2015, Plaintiffs filed another "Verified Complaint" in the Superior Court of Mecklenburg County, North Carolina, which is very similar to the original Complaint. (Document No. 1-1). However, the new Complaint only names AIC as Defendant. Id. Defendant again removed the action to this Court based on diversity. (Document No. 1). After removal, this

case was originally assigned to Chief Judge Frank D. Whitney and Magistrate Judge David C. Keesler on August 31, 2015. The instant action has involved the same attorneys, and essentially the same parties and claims, as the prior action before this Court.

On October 14, 2015, the parties' "Certification And Report Of F.R.C.P. 26(f) Conference And Discovery Plan" (Document No. 11) was filed. The "Certification …" states that the "lawsuit is fairly straight-forward and primarily involves the amount payable under Mrs. Pritchard's policy relating to a cast iron stairwell that was damaged by a falling tree as well as the reason for delays in AIC's payment of the undisputed portion of the Pritchards' claim." (Document No. 11, p.1). Notably, the parties proposed thirty (30) hours of oral deposition per party (excluding expert depositions), but did not describe *any* anticipated difficulties completing discovery. (Document No. 11). The parties stipulated to Magistrate Judge jurisdiction. (Document Nos. 11, 13).

On October 26, 2015, a "Pretrial Order And Case Management Plan" (Document No. 15) was issued by the Court. The "…Case Management Order" included the following deadlines: discovery completion – April, 8, 2016; ADR report – April 22, 2016; motions deadline – May 6, 2016; and trial – October 24, 2016. (Document No. 15). Similar to the parties' original action before this Court, there have been multiple requests for extension of time allowed due to Plaintiffs' alleged difficulties related to age and/or health. See (Document Nos. 17, 18, 19, 20, 21, and 22).

Notably, Plaintiff J.P. Pritchard sent an *ex parte* communication to the Honorable Robert J. Conrad, Jr., on or about March 31, 2016, requesting that Plaintiffs be excused from participating in mediation or depositions. (Document No. 37, 3:14-CV-377-RJC-DCK). Mr. Pritchard's letter referenced the original case, but was construed by the undersigned as seeking relief in the instant action. See (Document No. 38, 3:14-CV-377-RJC-DCK). The undersigned issued an Order on April 14, 2016, advising Mr. Pritchard that "[b]arring extraordinary circumstances, it is unlikely

3

Plaintiffs will be excused from the Court's mediation requirement and/or from cooperating fully in the discovery process." Id. The Court's Order also advised Mr. Pritchard that if he sought relief in the current action "he should file an appropriate motion with the assistance of his counsel in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court." Id. The Court noted that important deadlines in this case were "imminent." Id.

Defendant scheduled depositions and retained a court reporter for April 29, 2016; however, neither the Pritchards nor their counsel appeared. (Document No. 24, pp.2-3).

On May 23, 2016, the undersigned granted Plaintiffs' "Motion For Extension Of Deadlines" (Document No. 21), and the case deadlines were extended as follows: discovery completion – June 27, 2016; mediation report – June 27, 2016; and dispositive motions – June 27, 2016. (Document No. 22). Despite the extensions, neither dispositive motions nor a mediation report were timely filed, and the parties failed to complete anticipated depositions.

On July 11, 2016, a mediation report was finally docketed indicating that the parties had participated in a mediation on June 30, 2016, but failed to resolve their dispute. (Document No. 23).

On July 19, 2016, Defendant filed a "Motion For Sanctions For Failure To Appear For Depositions" (Document No. 24) regarding Plaintiffs failure to appear for the depositions scheduled for April 29, 2016. By its motion, Defendant argued that Plaintiffs will never voluntarily sit for depositions, and therefore, this action should be dismissed and Plaintiffs should be ordered to pay the expenses for a missed deposition and the pending motion. (Document No. 24). On August 3, 2016, Plaintiffs' filed a "Motion For Protective Order As To Depositions" (Document No. 28) and a "Motion For Protective Order As To Plaintiffs' Exhibits" (Document No. 30). These

motions were fully briefed, except Plaintiffs failed to file reply briefs in support of the motions, or notices of intent not to reply, as required by Local Rule 7.1 (E).

Following careful review of the motions for sanctions and for protection, the Court issued an Order (Document No. 36) on September 7, 2016 that: denied without prejudice Defendant's "Motion For Sanctions For Failure To Appear For Depositions" (Document No. 24); <u>denied</u> Plaintiffs' "Motion For Protective Order As To Depositions" (Document No. 28); and granted Plaintiffs' "Motion For Protective Order As To Plaintiffs' Exhibits" (Document No. 30). Regarding Plaintiff's "Motion For Protective Order As To Depositions" (Document No. 28) the undersigned provided the following observations and direction.

> Plaintiffs primarily assert that they are both in poor health and that providing testimony will be difficult. Nowhere, however, have Plaintiffs suggested that they are unable or unwilling to attend a jury trial of this matter which they expect to last three (3) days. In fact, Plaintiffs' motion for protective order acknowledges the unusual situation before the Court of Plaintiffs who contend they should be protected from deposition testimony even though they are expected to testify as witnesses at trial. (Document No. 28, p.3).
>
> After careful review of the pending motions and the history of this litigation, the undersigned will deny Plaintiffs' "Motion For Protective Order As To Depositions" (Document No. 28). The undersigned agrees the motion is untimely, and not well-supported. As such, the Court will require Plaintiffs to participate in at least one (1) deposition; however, the undersigned directs Defendant to allow for reasonable accommodations as it has suggested in responding to the motion for protection. <u>See</u> (Document No. 35, p.5). Such accommodations may include taking the depositions at a certain time of day, at the Pritchards' home or attorney's office, and over multiple days. <u>Id.</u> The undersigned further encourages Defendant to only seek to depose Mr. Pritchard, unless it can identify significant prejudice it will suffer if unable to depose Mrs. Pritchard. If Mrs. Pritchard is not deposed, she should not expect to testify at trial.
> . . .
>
> If appropriate, Defendant may file a renewed motion at a later date and the Court may reconsider both costs and fees, as well as

> dismissal, if Plaintiffs fail to participate fully in the remainder of this litigation. The undersigned respectfully advises Plaintiffs that their refusal to be deposed, and their failure to abide by certain deadlines in the case and the rules of this Court, all suggest a lack of good faith in pursuing this lawsuit. Further failures to abide by the Rules will likely lead to sanctions.

(Document No. 36, pp.6-7). The Court then *ordered* that deposition testimony be completed by **September 30, 2016**, and that the parties be prepared to attend a final pretrial conference on **October 13, 2016**. (Document No. 36, p.7).

On September 29, 2016, two (2) weeks before the scheduled final pretrial conference, Plaintiffs' counsel, Fenton T. Erwin, Jr., filed a "Motion To Be Allowed to Withdraw As Counsel" (Document No. 37). That same day, the undersigned held a telephone conference regarding the status of the case, the motion to withdraw, and discovery issues. As a result, the undersigned issued an Order on September 29, 2016 *ordering* that Plaintiffs and counsel for both parties appear for a Status and Motions Hearing on October 5, 2016. (Document No. 38) (emphasis added). The Court noted that "discovery, including deposition testimony, is due to be completed on or before September 30, 2016," and that this matter was scheduled for a final pretrial conference on October 13, 2016, and a trial on or about October 24, 2016. Id.

On October 4, 2016, Defendant's "Renewed Motion For Sanctions For Failure To Appear For Depositions…" (Document No. 41) was filed seeking costs and fees and dismissal based on Plaintiffs second failure to appear for depositions, on September 30, 2016.

A Status and Motions Hearing was held on October 5, 2016, and attended by counsel for both sides; however, Plaintiffs failed to appear. Mr. Pritchard did send a fax to the Court on or about October 4, 2016, stating that the hearing conflicted with a medical appointment and he would not be present. (Document No. 45). Later, Mr. Pritchard submitted a letter to the undersigned which states in most pertinent part that his counsel, Mr. Erwin, had offered on October 4, 2016 to

6

pick up Mr. Pritchard and his wife and take them to the hearing on October 5th. (Document No. 49, p.2). That letter suggests that Plaintiffs were unwilling to attend the hearing, not unable to attend. Id. Moreover, Plaintiffs failed to ever respond to Mr. Erwin's motion to withdraw, and purportedly failed to respond to Mr. Erwin's requests for clarification on their position regarding his withdrawal. See (Document No. 44, pp.1-2).

On October 6 2016, the Court issued an Order stating that good cause was found to allow Plaintiffs' counsel to withdraw. (Document No. 44). The Court noted that Plaintiffs were obligated to proceed *pro se* or obtain new counsel, but either way they "must abide by the Local Rules of this Court and the Federal Rules of Civil Procedure." (Document No. 44, p.2). In addition, the Court cancelled the scheduled final pretrial conference and trial, and *sua sponte* allowed Plaintiffs an extension of time to file a response to Defendant's "Renewed Motion For Sanctions For Failure To Appear For Depositions…" (Document No. 41). Plaintiffs were advised that they had a right to respond to the pending motion for sanctions and that failure to file a timely and persuasive response would likely lead to dismissal of this lawsuit pursuant to Federal Rules of Civil Procedure 37 and 41. (Document No. 44, pp.2-3).

On the day Plaintiffs' responses were due, Plaintiff J.P. Pritchard's "Letter Motion/Request For Extension Of Time To Respond To Document 41" (Document No. 49) was received and docketed by the Court. Plaintiff J. P. Pritchard asserted that Plaintiffs needed an extension until late February 2017. (Document No. 49). Mr. Pritchard's letter/motion re-asserted the position that age and/or health related issues prevent Plaintiffs from participating in depositions. (Document No. 49). Mr. Pritchard also suggested that Plaintiffs had not consented to Magistrate Judge jurisdiction. Id. Mr. Pritchard's letter was not signed by Iris. K. Pritchard, nor has Mr.

7

Pritchard presented any authority or statement that he represents Mrs. Pritchard, or that he is entitled to represent Mrs. Pritchard in this matter.

Defendant responded that: "[a]s a courtesy to the Pritchards, AIC does not oppose extending the response date to December 14, 2016, more than five weeks after the Pritchards' original response date." (Document No. 50, p.1).

On November 23, 2016, the Court opined as follows:

> the undersigned will allow *pro se* Plaintiffs a *final* extension of time to respond to the pending renewed motion for sanctions (Document No. 41), with or without the assistance of counsel. To be clear, the undersigned does not expect this matter to go to trial if the Plaintiffs continue to refuse to participate in the discovery process, including deposition testimony. There appears to be ample authority from this Court and other jurisdictions that a party's continued refusal to appear at a deposition supports dismissal of that party's claims. See Ellis v. Wal-Mart, 3:10-CV-076-MOC-DSC, 2011 WL 3804233 (W.D.N.C. Aug. 2, 2011) aff'd by 2011 WL 3804294 (W.D.N.C. Aug. 29, 2011); Miller v. Sprint Communications, 3:97-CV-156-P, 1997 WL 910426 (W.D.N.C. Dec. 31, 1997); and PGD Investments, Inc. v. Walsh et al, 3:09-CV-152-GCM, 2010 WL 625281 (W.D.N.C. Feb. 19, 2010).
>
> To the extent Plaintiffs contend that they have not consented to Magistrate Judge jurisdiction, the undersigned directs their attention to Document Nos. 11 and 13. If Plaintiffs wish to seek to withdraw their consent, they may file a proper motion in accordance with the Rules of this Court and the Federal Rules of Civil Procedure. Relevant authority states that the district court may for good cause on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a Magistrate Judge. See Dowell v. Blackburn, et al, 932 F.2d 963 (4th Cir. May 13, 1991) (citing 28 U.S.C. § 636(c)(6)); see also Dowell v. Blackburn, 776 F.Supp. 283, 284 (W.D.Va. Aug. 12, 1991) ("Adverse decisions, absent clear prejudicial abuse by the magistrate judge, then, do not constitute 'good cause' or 'extraordinary circumstances.'").

(Document No. 51, p.3). The Court then allowed Plaintiffs an extension of time, up to and including January 6, 2017, to respond to the pending motion for sanctions "and show cause why they should not be sanctioned for failing to attend their previously noticed depositions." (Document No. 51, pp.3-4). The Court further *ordered* "that Plaintiffs shall make arrangements

8

to be deposed, consistent with this Court's prior Order (Document No. 36), on or before **January 6, 2017**. (Document No. 51, p.4).

On January 5, 2017, Plaintiff J.P. Pritchard's "Motion To Withdraw Consent To Magistrate Judge Jurisdiction" (Document No. 52) was filed, along with Mr. Pritchard's "Respon[s]e To Defendant's Motion For Sanctions…" (Document No. 53), and a "Miscellaneous Filing" (Document No. 54) addressing Mr. Pritchard's position on his right to a trial by a jury. Again, these filings were not signed by Mrs. Pritchard. On January 9, 2017, Defendant filed its "…Response to Plaintiffs' Motion To Withdraw…" (Document No. 56) and its "…Notice Of Intent Not To File A Reply In Support Of Renewed Motion For Sanctions…" (Document No. 57). To date, Mr. Pritchard has failed to file a reply brief in support of his "Motion To Withdraw Consent To Magistrate Judge Jurisdiction" (Document No. 52), and the time to do so has lapsed. See Local Rule 7.1 (E).

This matter is now ripe for review and disposition of the pending motions.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507

(1947). However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

A party's failure to provide or permit discovery may result in sanctions including the following: reasonable expenses caused by the failure; default judgment against the disobedient party; or treating as contempt of court the failure to obey any order. See Fed.R.Civ.P. 37(b) - (d).

## DISCUSSION

As an initial matter, the undersigned observes that this dispute has been pending before the Court for almost three (3) years with little progress, based primarily on Plaintiffs' on-going refusal to be deposed. As detailed above, and as shown in the record of the previous case, 3:14-CV-177-RJC-DCK, this Court has allowed multiple extensions of time over several years, as well as special accommodations, in attempts to get one or more oral depositions of Plaintiffs completed. The Court's and Defendant's patience and flexibility, as well as Plaintiffs' former counsel's advocacy, have failed to result in Plaintiffs' deposition testimony and discovery completion. It appears that repeated warnings of sanctions, including dismissal, have made little, if any, impact on Plaintiffs. Plaintiffs, or at least Plaintiff J.P. Pritchard, persist in a view that Plaintiffs are not bound by this Court's Orders regarding discovery, and seem to take the position that Plaintiffs have an unfettered right to present their case to a jury. The undersigned respectfully disagrees.

**A. Renewed Motion For Sanctions**

Defendant's renewed motion for sanctions asserts that its counsel contacted the Pritchards' counsel on multiple occasions to schedule depositions, but Plaintiff's counsel declined to offer any deposition dates. (Document No. 41, p.2). Defendant noticed depositions for September 30, 2016, to comply with the Court's "Order" (Document No. 36) but offered "to hold the depositions at another time, date, and location convenient to the Pritchards." Id. The Pritchards did not offer an

alternate date or time, and failed to appear on September 30, 2016.  Id.  Defendant notes that Federal Rule of Civil Procedure 37 provides that the court may, on motion, order sanctions if a party fails to appear for that person's deposition.  Id. (citing Fed.R.Civ.P. 37(d)(1)A)(i) and 37(b)(2)(A)(i)-(iv).  Defendants conclude that Plaintiffs' failures to appear at their September 30, 2016 depositions warrant dismissal of this lawsuit as well as an award of Defendant's costs and fees relating to both the April 29 and the September 30 depositions and related motions. (Document No. 41, p.3).

In support of its motion, Defendant argues that the Pritchards' conduct has caused substantial prejudice because it cannot prepare its defense if Plaintiffs refuse to participate in discovery.  (Document No. 42, pp.4-5) (citing Cochran v. Volvo Group North America, LLC, 2014 WL 2207994, at *6 (M.D.N.C. May 28, 2014)).  Defendant contends that depositions are necessary to address critical topics including:  the Pritchards' communications with Defendant;  beliefs about the value of the stair system at the center of the dispute;  and the alleged inability to obtain a reverse mortgage because of Defendant's conduct.  (Document No. 42, p.5).

Plaintiff J.P. Pritchard's "Respon[s]e To Defendant's Motion…" (Document No. 53) was filed on January 5, 2017.  However, the response fails to address any of Defendant's arguments, or even mention the issue of sanctions.  (Document No. 53).  "Defendant's Notice Of Intent Not To File A Reply In Support Of Renewed Motion For Sanctions For Failure To Appear For Depositions" (Document No. 57) was filed on January 9, 2017.

As previously stated in this case, the undersigned finds ample authority from this Court and other jurisdictions affirming that a party's continued refusal to appear at a deposition supports dismissal of that party's claims.  See (Document No. 51, p.3) (citing Ellis v. Wal-Mart, 3:10-CV-076-MOC-DSC, 2011 WL 3804233 (W.D.N.C. Aug. 2, 2011) aff'd by 2011 WL 3804294

(W.D.N.C. Aug. 29, 2011); Miller v. Sprint Communications, 3:97-CV-156-P, 1997 WL 910426 (W.D.N.C. Dec. 31, 1997); and PGD Investments, Inc. v. Walsh et al, 3:09-CV-152-GCM, 2010 WL 625281 (W.D.N.C. Feb. 19, 2010)). See also, Stewart v. Avaya, Inc., 2007 WL 2746858 (E.D.N.C. Sept. 19, 2007); Jackson v. Vance County, 1997 WL 906015 (E.D.N.C. Nov. 26, 1997); Viswanathan v. Scotland Co. Board of Ed., 165 F.R.D. 50 (M.D.N.C. 1995); and Robinson v. Yellow Freight System, 132 F.R.D. 424 (W.D.N.C. 1990).

Moreover, Mr. Pritchard's response to the pending motion for sanctions completely fails to address, or even acknowledge, the authority identified by the Court or Defendant. (Document No. 53). In fact, Mr. Pritchard's response does not even address the renewed motion for sanctions at all. Id.

This Court's decision in Ellis v. Wal-Mart is instructive here:

> A District Court also has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Because dismissal is a severe sanction, the Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit therefore requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Ellis v. Wal-Mart Distribution, 2011 WL 3804233, at *2. See also, Mut. Fed. Sav. & Loan Assn. v. Richards & Assoc., Inc., 872 F.3d 88, 92 (4th Cir. 1989).

As in Ellis, Plaintiffs in this case have twice failed to appear for noticed depositions. Unlike Ellis, Plaintiffs have asserted several times that their age and/or health makes it impossible to attend depositions. More recently, Plaintiffs simply assert that they are not, or should not be,

12

required to sit for a deposition. As noted above, the Court opened the door for a variety of accommodations to make the Pritchards' depositions more convenient and comfortable. The Court even offered that just the taking of Mr. Pritchard's deposition would be sufficient.

The undersigned continues to be troubled by Mr. Pritchard's stubborn position that Plaintiffs cannot and should not be required to attend even a modified deposition, but that both Plaintiffs expect to attend and testify at a trial estimated to last three (3) days. See (Document No. 51, pp.2-3) (citing Document No. 28, p.3); (Document No. 40, p.7) ("we both expect to testify at full jury trial.").

At this point, the undersigned is convinced that neither Plaintiff will participate in a deposition, and that they have made a purposeful decision not to comply with this Court's orders. The undersigned finds that Plaintiffs' refusals are made in bad faith and as a challenge to this Court's authority. See PGD Investments, Inc. v. Walsh et al, 2010 WL 625281, at *2 ("Defendants willful nonparticipation in discovery constitutes bad faith.").

Defendant has argued that it is substantially prejudiced by being unable to depose Plaintiffs, and the undersigned agrees. First, Defendant has incurred substantial expenses in scheduling, hiring court reporters, and in litigating for Plaintiffs' attendance at depositions. Next, Defendant makes a compelling case that depositions are necessary to adequately prepare its defense of this case. Although Mr. Pritchard argues that written discovery/deposition responses should be sufficient, the undersigned is not convinced that written discovery is a fair and satisfactory substitute for Defendant's right to depose Plaintiffs in person. Ellis is also instructive on the issue of prejudice:

> Plaintiff's actions have substantially prejudiced Defendant by requiring it to prepare for Plaintiff's deposition twice, engage a court reporter twice, and prepare two motions for sanctions. Defendant asserts that it has incurred thousands of dollars in attorneys' fees and expenses in connection with Plaintiff's refusals to appear for his

13

> deposition. See Parks v. Huff, 955 F.2d 42 (table), 1992 WL 21363, at *2 (4th Cir. Feb. 10, 1992) (expense and lost time constitute prejudice). Plaintiff's deposition is an essential part of the case, and a defendant cannot be expected to defend a case where the person bringing the action refuses to participate in the discovery process. Rowley v. City of North Myrtle Beach, No. 4:06–1873-TLW–TER, 2008 WL 4831422, at *4–5 (D.S.C. Oct. 31, 2008) (plaintiff's failure to attend depositions undeniably caused prejudice because it prevented defendant from discovering the relevant facts and preparing their case).

Ellis, 2011 WL 3804233, at *2.

As in Ellis, the undersigned is also convinced that there is a need for deterrence here. To allow these Plaintiffs to continue to delay and/or ignore the Court would encourage other litigants to flirt with similar misconduct. See Ellis, 2011 WL 3804233, at *2 (quoting Mut. Fed. Sav. & Loan Assn., 872 F.2d at 92) ("As stated by the Fourth Circuit, 'not only does the noncomplying party jeopardize [the] adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct.'"))

Finally, just as in Ellis, the undersigned is unable to find that a less drastic sanction than dismissal would be effective. See Ellis, 2011 WL 3804233, at *3 (internal citations omitted). Warnings of dismissal and monetary sanctions have repeatedly failed to result in Plaintiffs appearing at depositions or hearings as ordered by the Court. In addition, even if monetary sanctions were awarded, the undersigned does not expect such sanctions would change Plaintiffs' conduct. See Miller v. Sprint Communications, 1997 WL 910426, at *4 (granting motion to dismiss, but denying an award of expenses).

Based on Defendant's arguments, the relevant legal authority cited above, and the record of this case, the undersigned will order that this case be dismissed pursuant to Federal Rule of Civil Procedure 37. The Court takes no pleasure in this, but feels it has little choice.

**B. Motion To Withdraw Consent To Magistrate Judge Jurisdiction**

Also pending before the Court is Plaintiff J.P. Pritchard's "Motion To Withdraw Consent To Magistrate Judge Jurisdiction" (Document No. 52). After Mr. Pritchard suggested in a filing on November 7, 2016 that these Plaintiffs could not, or had not, consented to Magistrate Judge jurisdiction, the undersigned advised that Plaintiffs were entitled to file a motion seeking to withdraw consent. (Document Nos. 49 and 50). The undersigned further noted that:

> Relevant authority states that the district court may for good cause on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a Magistrate Judge. See Dowell v. Blackburn, et al, 932 F.2d 963 (4th Cir. May 13, 1991) (citing 28 U.S.C. § 636(c)(6)); see also Dowell v. Blackburn, 776 F.Supp. 283, 284 (W.D.Va. Aug. 12, 1991) ("Adverse decisions, absent clear prejudicial abuse by the magistrate judge, then, do not constitute 'good cause' or 'extraordinary circumstances.'").

(Document No. 51, p.3).

The undersigned observes that the Dowell v. Blackburn decisions cited above hold that a District Court Judge must rule on a party's motion to withdraw consent to Magistrate Judge jurisdiction. See also, Gaither v. USA, 2013 WL 5780455 (D.S.C. Oct. 24, 2013); McGrath v. Everest Nat'l Ins. Co., 2009 WL 4842837 (N.D.Ind. 2009); and J.S., ex rel. Duck v. Isle of Wight County School Bd., 368 F.Supp.2d 522, 528 (E.D.Va. 2005). As such, the undersigned will recommend, in the context of this broader decision ordering dismissal, that Mr. Pritchard's "Motion To Withdraw Consent To Magistrate Judge Jurisdiction" (Document No. 52) be denied.

Plaintiff's motion offers almost no argument for why reference to a Magistrate Judge should be withdrawn, nor does it allege any "good cause" or "extraordinary circumstances" that might support vacating the reference of this matter to the undersigned Magistrate Judge.

(Document No. 52). Instead, it asserts that Plaintiffs "never gave consent to exercise jurisdiction by a United States Magistrate Judge." (Document No. 52, p.1).

"Defendant's Response To Plaintiffs' Motion…" (Document No. 56) asserts that "Plaintiffs' eleventh-hour attempt to withdraw their consent to magistrate jurisdiction" should not be allowed. Defendant argues that "Plaintiffs have failed to demonstrate that 'extraordinary circumstances' exist to justify withdrawing reference to the magistrate judge." (Document No. 56, p.1) (citing 28 U.S.C. § 636(c)(4); Weir v. Curtis, 96 F.App'x 151, 152 (4th Cir. 2004); and Dowell v. Blackburn, 932 F.2d 963, 1991 WL 75226, at *1 (4th Cir. 1991)).

Defendant also notes that Plaintiffs' motion is *only* signed by J.P. Pritchard, and that he is not an attorney and may not represent Plaintiff Iris K. Pritchard. (Document No. 56, p.2).

The crux of Mr. Pritchard's argument is that Plaintiffs "never gave consent." (Document No. 52, p.1). This statement, however, is inconsistent with the parties' "Certification And Report Of F.R.C.P. 26(f) Conference And Discovery Plan" (Document No. 11, p.3) ("The parties have discussed the issue of consent to the jurisdiction of a U.S. Magistrate judge, and agree that the matter should be assigned to a magistrate") filed October 14, 2015; the "Joint Stipulation of Consent to Exercise Jurisdiction by a United States Magistrate Judge" (Document No. 13) filed October 21, 2015; and counsel for both sides' statements at the hearing held on October 5, 2016, (that Plaintiffs declined to attend), affirming that both parties consented and agreed to Magistrate Judge jurisdiction.

In addition, Mr. Pritchard contends that "all my prior submissions support this [lack of consent] as they were sent to U.S. Federal Judge believed to be assigned this case." (Document No. 52, p.1). Contrary to Mr. Pritchard's assertion, the undersigned finds that all of his

submissions were addressed to "David C. Keesler, U.S. Magistrate Judge." See (Document Nos. 39, 40, 45, 46, 47, 53, and 54).

In short, Plaintiff J.P. Pritchard has failed to identify the "good cause" or "extraordinary circumstances" necessary to vacate the undersigned's jurisdiction. Instead, it appears that Plaintiff is unhappy with adverse decisions issued by the undersigned and is making a last ditch effort to further delay the resolution of this matter. The relevant caselaw set forth above clearly precludes the withdrawal of consent to Magistrate Judge jurisdiction under these circumstances. As such, the undersigned will recommend that the motion be denied.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's "Renewed Motion For Sanctions For Failure To Appear For Depositions…" (Document No. 41) is **GRANTED in part** and **DENIED in part**. This matter is hereby **DISMISSED WITH PREJUDICE**; however, Defendant's request for costs and fees is **DENIED**.

**IT IS RESPECTFULLY RECOMMENDED** that *pro se* Plaintiff Joseph P. Pritchard's "Motion To Withdraw Consent To Magistrate Judge Jurisdiction" (Document No. 52) be **DENIED**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Order and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the

District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk of Court is directed to send copies of this Order, to both *pro se* Plaintiffs by regular U.S. Mail.

**SO ORDERED**.

Signed: February 2, 2017

David C. Keesler
United States Magistrate Judge